# PRACTICE REPORTS.

---

## SUPREME COURT.

In the Matter of the Application of the Fire Commissioners for a Mandamus, appellants, agt. Andrew H. Green, Comptroller, respondent.

*Commissioners of fire department — their powers and duties as to the funds of their department.*

Under the acts of 1870 and 1871, after the commissioners of the fire department have made an estimate of the sum of money which will be required for the expenses necessary to the administration and conduct of the fire department for the year next ensuing, and have submitted the same to the city officers named in the act, for revision and settlement, the amount thus fixed and settled becomes appropriated and falls into the general assets of the corporation, subject to the proper drafts by or through the fiscal department.

Consequently, the commissioners cannot, by mandamus or otherwise, compel the comptroller of the city to pay over to them the amount of the funds thus raised and appropriated for the fire department.

*General Term, First Department, December 31, 1872.*

Ingraham, *P. J.*, Brady *and* Leonard, *JJ.*

Appeal from an order at special term, Barrett, J., denying a motion for a writ of mandamus compelling the comptroller to pay over to them the money raised for this department.

*Burrill, Davidson & Burrill*, for appellants.

*W. H. Peckham*, for respondent.

Fire Commissioners agt. Green.

BRADY, *J.* — When the metropolitan fire department was changed by the act of 1870 (*chap.* 137, *Laws, vol.* 1, *p.* 366), into a municipal organization, it became subordinate to the city government and subject to the general laws applicable to all the departments, unless excepted by legislation, express or implied.

The same organic law which made it municipal provides (*article* 5), that the financial department shall have control of all the fiscal concerns of the corporation. This theory is sustained by the forty-sixth section of the act to make further provisions for the government of the city of New York, passed April 26, 1870 (*Laws, vol.* 1, *p.* 881), which declared that the commissioners should annually make an estimate of the sum of money which would be required for expenses necessary to the administration and conduct of the fire department for the year next ensuing, and should submit the same to the mayor or comptroller and president of the board of fire commissioners, who should consider and revise such estimate, and fix and determine the amount which the commissioners should be authorized to expend during such year, and that such amount when so established should become appropriated ; and, also, by the act to make provision for the local government of the city and county of New York, passed April 19, 1871 (*Laws, vol.* 2, *p.* 1268), by which the mayor, comptroller, and commissioner of public works, and the president of the department of public parks, were constituted a board of apportionment, and were required to apportion so much of the two per cent tax fund as remained subject thereto, under the provisions of the act, among, and to, the various departments and purpose of the city and county governments. By which it is also declared that no liabilities, for any purpose whatsoever, should be thereafter incurred by any department of the city of New York, or officers of the county of New York, exceeding in amount the appropriation made for the purpose.

These acts are confirmatory of the intention, on the part of

the legislature, to make the fire department subject to the fiscal scheme of the charter, and to confine its power to the administration of its affairs and such changes by sale or purchase, and to such discipline of its men, and to the necessary acquisition of such articles, machinery or property, as the commissioners, in the proper discharge of their duty, might deem essential.

The chief officers of the city government were to revise and determine the money to be expended, and the appropriation, when made, fell into the general assets of the corporation subject to the proper drafts by or through the fiscal department.

This result in no way limits the powers conferred upon the department to accomplish its usefulness and success.

It does not restrain the department from buying, selling, constructing or repairing, or in the performance of any act authorized by law.

It does not invade any province of theirs, or interfere with them in the exercise of their various duties or in the discharge of their official obligations.

It requires only that the moneys appropriated shall be paid out by the comptroller in the manner established for his department, which shall have control of all the fiscal concerns of the corporation and of the appropriations, as before stated. It is a check upon the fire department, and the effect is to require the presentation to, and settlement by, the finance department of all accounts which shall be subject to the inspection and revision of its officers. This is in accordance with the general design of government which was to make all claims against the city, contracted by the departments, unless otherwise advised by legislative enactment, subject to examination by the finance department. There is nothing contained in any act relating generally to the fire department since it became a municipal organization, which provides that it may pay out the moneys appropriated to it or draw upon the same directly in bulk for the purpose of pay-

ing its expenses or any part of them. There is no provision in any such act directing the deposit of the fund with any person or in any place, subject to the order or draft directly in any way of the commissioners, or any of their officers.

There is no provision authorizing the comptroller to pay over to the commissioners, or any of them, the money appropriated to the department, either under the act of 1870 or the act of 1871 (*supra*). The fund is created, and, in the absence of a provision to the contrary, remains as an appropriation to be disbursed by the finance department upon the proper vouchers emanating from the fire commissioners.

It is not deemed necessary to add anything further to the reasons assigned at special term.

The order made should be affirmed.